UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION
WINCHESTER, TENNESSEE

| | |
|---|---|
| **DERWOOD STEWART d/b/a,** ) <br> **STEWART'S NURSERY AND FARM** ) <br> ) <br> **PLAINTIFF,** ) <br> ) <br> **VS.** ) <br> ) <br> **FEDERAL CROP INSURANCE** ) <br> **CORPORATION; RISK** ) <br> **MANAGEMENT AGENCY;** ) <br> **UNITED STATES DEPARTMENT** ) <br> **OF AGRICULTURE; AND GREAT** ) <br> **AMERICAN INSURANCE COMPANY,** ) <br> ) <br> **DEFENDANTS.** ) | **CIVIL ACTION NO. 4:09-cv-101** <br> **JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF DE NOVO REVIEW OF PLAINTIFF'S COMPLAINT**

The Plaintiff in this case has filed a lawsuit against the named defendants based upon the United States Department of Agriculture's National Appeals Division's decision upholding the Risk Management Agency's denial of Plaintiff's claim for nursery losses suffered in 2006. Such a suit is governed by the provisions of 7 U.S.C.A. § 1508, and more particularly, § 1508 (j)(2)(A) and (B). The decision was issued on May 15, 2009, and Plaintiff timely filed this lawsuit within the applicable statute of limitations. Under the plain language of 7 U.S.C.A. § 1508, Plaintiff is entitled to a *de novo* review of this decision, and not mere consideration of the agency's decision and the evidence upon which it was based. *Hammit v. Federal Crop Insurance Corporation*, 712 F. Supp. 832 (D. Colorado 1989).

The United States Government created the Federal Crop Insurance Corporation (FCIC)

and, at 7 U.S.C.A. §1506, endowed it with the power, subject to the limitations set forth at 7 U.S.C.A. §1508, to "sue and be sued in its corporate name. . . .in the district wherein the plaintiff resides or is engaged in business." 7 U.S.C.A. §1506. When a statute contains a "sue and be sued" clause, the waiver of immunity should be ""liberally construed,' notwithstanding the general rule that waivers of sovereign immunity are to be read narrowly in favor of the sovereign." *Federal Deposit Insurance Company v. Meyer*, 510 U.S. 471 at 480, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)..

This case deals with a situation virtually identical to that addressed by the United States District Court for Colorado in *Hammit, infra*. In that case, the court addressed a prior version of the statute at issue in this case, and held that the Hammits were entitled to *de novo* review of the FCIC's denial of their claim for indemnification. *Id.*, at 834. The logic employed by the *Hammit* court applies equally in the case at bar.

Plaintiff in this case has complied with the administrative procedures to obtain a review of the FCIC's determinations. Having exhausted his administrative remedies, he filed this lawsuit within the applicable statute of limitations set forth at 7 U.S.C. §1508 (j)(2)(B). Pursuant to §1508 (j)(2)(A), Plaintiff may now bring an action on that claim. As noted in *Hammit*, §1508 (j) does not state that the agency's determination is to be "reviewed" by the district court, nor does it specify the scope of judicial review. *Id.*, at 834. It should be noted that §1508 (a)(3)(B)(iii), which deals with judicial review of bad farming practices, specifically provides for "review" of the administrative decision under an arbitrary and capricious standard. Had Congress intended to place similar limitations on judicial claims brought in response to denials of indemnification, it would have said so in §1508 (j). In the absence of such limiting language,

and with an eye toward a liberal construction of the waiver of sovereign immunity conferred through the "sue and be sued" clause contained within the statutory scheme creating the FCIC, this Court should arrive at the same conclusion as that reached by the *Hammit* court and grant *de novo* review of Plaintiff's claim for indemnification.

> GALLIGAN & NEWMAN
> 309 West Main St.
> McMinnville, TN 37110
> (931) 473-8405
>
> BY: /s/ John P. Partin
>       John P. Partin, #20921

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **MEMORANDUM IN SUPPORT OF TRIAL DE NOVO ON PLAINTIFF'S COMPLAINT** has been served upon all Filing Users through the Electronic filing system (electronic filers per the Court's listing are listed below) on this the _____ day of June, 2010.

    M. Kent Anderson
    Assistant United States Attorney
    1110 Market Street, Suite 301
    Chattanooga, TN 37402
    Kent.Anderson@usdoj.gov

> /s/ John P. Partin
> John P. Partin